SELMA WATSON, Appellant, v. CHARLES E. WALTHER, Respondent.

St. Louis Court of Appeals, November 9, 1886.

1. EVIDENCE—RES JUDICATA.—In an action to recover the amount of a note and the expense incurred in foreclosing a mortgage securing it, on the ground that the note had been paid prior to the sale of it by the defendant to the plaintiff, it is not error to exclude evidence tending to show that in a former suit, to which the defendant was not a party, and wherein he had no opportunity to defend, the court had adjudged that the note had been paid.

2. —— PROMISSORY NOTES—PAYMENT.—It appearing that the only parties interested in a note did not intend its transfer to operate as a payment thereof, and that the rights of third persons were not thereby affected, such transfer will not be held to have been a payment.

APPEAL from the St. Louis Circuit Court, SHEPARD BARCLAY, Judge.

*Affirmed.*

KLEIN & FISSE, for the appellant: The sale and delivery, before maturity, of notes secured by a deed of trust in the nature of a mortgage, carries with it an assignment of the real estate security, which, in equity, is a mere incident of the debt secured. *Logan v. Smith*, 62 Mo. 455; *Goodfellow v. Stillwell*, 73 Mo. 17; *Jærdens v. Schrimpf*, 77 Mo. 383, p. 385; *Lee v. Clark* [Sp. Ct. Mo.] 1 S. W. Rep. 142. And the same rule applies, even though the notes are sold and delivered after maturity; the purchaser takes the security of the deed of trust as an incident to the notes. *Boatmen's Saving Bank v. Grewe*, 84 Mo. 477; Southern Law Rev. [N. S.] vol. 8, p. 1; 1 Jones on Mortgages [3 Ed.] sect. 841; *Christian v. Newberry*, 61 Mo. 446, p. 451. The mortgage being only a security for the debt, when the debt is

paid the security is extinguished, and the title reinvests in the grantor. *McNair v. Picotte*, 33 Mo. 57 ; *Pease v. Pilot Knob Iron Co.*, 49 Mo. 124. The note having been discharged before its transfer, there was a failure of consideration, and the appellant is entitled to recover back the consideration paid, as well as the reasonable expense incurred by him in making the sale under the deed of trust and in defending the ejectment suit. *Kingsley v. Fitts*, 55 Vt. 293 ; *Snyder v. Reno*, 38 Iowa, 329, 335.

SMITH P. GALT, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

The petition alleges in substance, that in November, 1880, the plaintiff bought from the defendant a promissory note executed by Mathias Schulter in favor of A. H. Beckemeyer for one thousand dollars, dated August 1, 1872, and payable twelve months after date, with interest at eight per cent. per annum, and that the note was secured by a deed of trust, which also passed to the plaintiff. That the parties dealt with each other in the understanding and belief that the note was an evidence of subsisting indebtedness, and undischarged, and that the deed of trust upon lot twenty-one in block nine, of North Stoddard addition to the city of St. Louis secured its payment. That it afterwards transpired that the note had been previously paid and discharged, so that the plaintiff got nothing for the sum of five hundred dollars which he had paid to the defendant in its purchase. That the plaintiff had caused a sale in foreclosure to be made under the deed of trust, and had purchased the property himself and gone into possession, but was subsequently ousted thereof by a judgment in ejectment at the suit of James A. Smith. The plaintiff prays judgment for the amount of the purchase money paid by him to the defendant; and that he be reimbursed of expenses incurred in foreclosing the deed of trust. At the

close of the trial, the court instructed the jury, that the plaintiff was not entitled to recover.

The facts of the case, stated in their chronological order, are as follows: The note was executed and delivered by Schulter to Beckemeyer, as already stated, on August 1, 1872. A deed of trust to secure it was executed and delivered at the same time, but this deed, instead of conveying lot twenty-one, as was intended by the parties, described the property as lot twenty-two, which was a lot that Schulter had previously conveyed away. At this time, Schulter and William Schroeder were partners in business, and so continued to be until January 19, 1873, when their connection was determined, and Schroeder undertook to settle up the partnership affairs. At some time after the maturity of the Schulter note, Schroeder paid Beckemeyer its face value and took it up with Beckemeyer's endorsement, "without recourse." On May 19, 1874, a judgment was rendered in the circuit court against Schulter in favor of Forsting, administrator, for $527.62. At some time during the year 1876, there was a settlement of the partnership matters between Schulter and Schroeder. Prior to this settlement, Schulter requested Schroeder to deliver the Schulter-Beckemeyer note to Walther, the present defendant, to whom Schulter was largely indebted. Schroeder refused to do this until after a settlement with Schulter. In the settlement, the note was included among the credits in favor of Schroeder. Again Schulter requested that the note be handed over to Walther, by way of collateral security on his existing indebtedness. Schroeder testifies that he thereupon either gave the note to Walther, or handed it to Schulter for delivery to Walther. At all events, Walther then got the note and the deed of trust, as they stood at that time. On or about April 19, 1877, the sheriff advertised lot twenty-one for sale under the Forsting judgment against Schulter, and then it was first discovered that the wrong lot had been described in the deed of trust of 1872. On the same day a new deed of

trust was executed and delivered by Schulter and wife, for the purposes set forth in the former deed, and reciting that this deed was intended for a correction of the mistake contained in the first deed. It was expressed to be between the same parties, and conveyed lot twenty-one as the first conveyance should have done. On May 12,. 1877, the sheriff sold lot twenty-one under the Forsting judgment to Thomas Grace and delivered a deed accordingly. On November 26, 1879, a judgment for back taxes due upon lot twenty-one was rendered against the heirs of Thomas Grace, who had departed this life. On July 24, 1880, the same lot was sold under the tax judgment to James A. Smith, to whom a deed was executed in due form by the proper officer. In November, 1880, the present defendant sold to the plaintiff the Schulter note for five hundred dollars cash, and undertook to manage the foreclosing of the deed of trust. On December 27, 1880, there was a sale under the corrected deed of trust, and the plaintiff became the purchaser of the. property. He occupied it for nearly two years, and then James A. Smith sued him in ejectment and obtained judgment for possession of the lot on March 16, 1882. Under this judgment, the plaintiff was afterwards ousted by execution in the hands of the sheriff. At the time of the trade between the plaintiff and the defendant, it was well understood by both parties that the plaintiff's chief object was to secure, through a foreclosure of the deed of trust, the ownership of lot twenty-one. The plaintiff offered to prove by oral testimony that the ejectment suit was determined against him by reason of the fact that the note had been paid and discharged before the foreclosure of the deed of trust, whereby the present plaintiff's title under that instrument was defeated. He also offered to introduce, for the same purpose, the instructions given in the same case. All this testimony was excluded and the plaintiff excepted. There was no error in this. The present defendant was not a party to the ejectment suit, nor had he any opportunity of defending

against it.   He was not in any way bound by either its rulings or its final result.

The only ground possible for a recovery by the plaintiff in this case, would lie in the fact that the note was paid and discharged, as he claims, in the settlement between Schulter and Schroeder.   This fact must be established by satisfactory evidence in the present case, and can get no aid from a different proceeding to which the defendant was not a party.   We find no such evidence from this record.   All the acts and declarations of the partners before, during, and after the settlement, show that such a payment or discharge was never contemplated by either of them.   It was the intention at all times that the note should be passed over to Walther under the blank endorsement of Beckemeyer, which was effectual to carry the title.   Schroeder held the note as his own, and Schulter in allowing a credit for it to Schroeder, became a paymaster merely for Walther in the latter's acquisition of the paper, which was directed by Schulter and acquiesced in by Schroeder.   The rights of no third party were affected by the transaction ; and if it is possible in law for the only persons interested to do as they will with their own, the note was kept alive in that transaction, and so remained in the hands of the transferee.   For aught that appears in this record, the note was open and enforceable in the hands of the plaintiff, so long as it was not barred by the statute of limitations. If the maker is or has been insolvent, nothing appearing in the record can hold the defendant responsible on that account.

It follows that the plaintiff has shown no right of recovery, and, with the concurrence of the other judges, the judgment of the circuit court will be affirmed.